***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 9, affirmed June 7, 2023.

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

SETH ERIC DAVIS,
*Defendant-Respondent.*

Washington County Circuit Court
20CR45338; A176881

Eric Butterfield, Judge.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

David O. Ferry, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

The state appeals a pretrial order suppressing state-ments defendant made during police questioning. The trial court determined that defendant, who was not provided *Miranda* warnings, was in compelling circumstances when he made the statements and invoked his right to remain silent. On appeal, the state contends that the trial court erred by granting defendant's motion to suppress.

"[W]e consider the factual findings that the trial court made in support of its conclusions, and, to the extent that the trial court did not make explicit findings with regard to any pertinent fact, we presume that the trial court decided the facts in a manner consistent with those conclu-sions." *State v. Powell*, 352 Or 210, 212, 282 P3d 845 (2012). Additionally, "we are bound by a trial court's 'finding' that a party's evidence is not sufficiently persuasive." *State v. Johnson*, 335 Or 511, 522, 73 P3d 282 (2003). We review the trial court's legal conclusions for errors of law. *Powell*, 352 Or at 212. In the trial court, the state had the burden of proving that "'defendant's unwarned statements were *not* made while [he] was in compelling circumstances.'" *State v. Grimm*, 290 Or App 173, 179, 414 P3d 435, *rev den*, 363 Or 283 (2018) (emphasis in *Grimm*; quoting *State v. Roble-Baker*, 340 Or 631, 640, 136 P3d 22 (2006)).

Having considered the record, as viewed in light of our standard of review, we conclude that trial court did not err. In reaching that conclusion, we note that although the location of the encounter and the length of the encounter militate toward a determination that defendant was not in compelling circumstances, the evidence would have allowed the trial court to determine that defendant was in compel-ling circumstances based on the amount of pressure exerted on defendant and that a reasonable person in defendant's position would not have perceived that they were free to ter-minate the encounter. *See Roble-Baker*, 340 Or at 640-41 (explaining that, to determine if circumstances are compel-ling, the court considers, among other factors, "(1) the loca-tion of the encounter; (2) the length of the encounter; (3) the amount of pressure exerted on the defendant; and (4) the

defendant's ability to terminate the encounter" (internal citation omitted)).

Affirmed.